IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jeffrey Lett a/k/a Jeffrey A. Lett, ) | C/A No. 0:20-cv-03220-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Kelley B. Hawkins a/k/a Kelly M. Hawkins, ) | |
| Rolf M. Baghdady, P.A., and Family Trust ) | |
| Federal Credit Union, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on two motions filed by Plaintiff Jeffrey Lett a/k/a Jeffrey A. Lett's ("Plaintiff"): (1) Motion to Remand [ECF No. 5] and (2) Motion to Dismiss Counterclaims and to Strike [ECF No. 12.] For the reasons set forth below, the court grants Plaintiff's Motion to Remand, remands the matter to the Court of Common Pleas for York County, and therefore is without jurisdiction to decide the Motion to Dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed the above-captioned matter in the Court of Common Pleas for York County, South Carolina on July 29, 2020. [ECF No. 1-1.] In the Complaint, he asserts two state-law causes of action seeking equitable relief, quiet title and reformation of a mortgage. *Id.* The claims relate to and stem from various transfers of title to real property, an underlying state-court foreclosure action, and Plaintiff's ultimate purchase of certain real property following a foreclosure sale.

On September 9, 2020, Defendant Rolf M. Baghdady, P.A. ("Defendant Baghdady") removed the case to this court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 1.] Plaintiff states that he is a citizen and resident of Pennsylvania, and Defendants are all citizens and residents of South Carolina; thus, complete diversity exists. *Id.* at ¶¶ 5–7. As to the $75,000

1

amount-in-controversy requirement, Plaintiff relies on the value of the real property at issue, $60,500, combined with the "value of the gross rents and profits the Plaintiff received . . . at nine-hundred dollars ($900) per month for many years for rental of the log cabin." *Id.* at ¶ 8. Plaintiff states that the monthly rental income relates to an "anticipated [c]ounterclaim to be filed"[1] by Defendant Kelley B. Hawkins ("Defendant Hawkins") and Defendant Baghdady. *Id.*

On September 28, 2020, Plaintiff filed a Motion to Remand for lack of subject matter jurisdiction. [ECF No. 5.] While Plaintiff agrees that complete diversity exists among the parties, *id.* at p.2, he challenges Defendant Baghdady's reliance on "*unfiled* counterclaims" to satisfy the amount-in-controversy requirement. *Id.* at p.1. Defendants Hawkins and Baghdady filed a response in opposition, arguing that because the counterclaims are compulsory, this court should consider them in determining whether the amount-in-controversy requirement is met. [ECF No. 9.] Plaintiff submitted a reply, which distinguishes the single case relied upon by Defendants Hawkins and Baghdady. [ECF No. 10.] The matter is now ripe for resolution by this court.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). One statutory basis for federal jurisdiction, and the one at issue here, is diversity of citizenship. 28 U.S.C. § 1332. Where a "*civil action* brought in a State court" is one for "which the district courts . . . have original jurisdiction,

---

[1] Defendants Hawkins and Baghdady thereafter filed an Answer and Counterclaim on October 9, 2020. [*See* ECF No. 6.] They assert counterclaims to strike or cancel the lis pendens, for quiet title, for restitution and accounting, constructive trust, an equitable lien, equitable subrogation, "restitution at law," and to strike the affidavit of service related to Defendant Family Trust Federal Credit Union. Plaintiff filed a Motion to Dismiss and Strike the Counterclaims on October 30, 2020. [ECF No. 12.] That motion is also fully briefed and ripe for resolution by the state court on remand.

[it] may be removed[.]" 28 U.S.C. § 1441(a) (emphasis added). Again, diversity of citizenship is a statutory basis for original jurisdiction and may prompt a defendant to remove the matter to federal court. *Id.* § 1441(b); *see also* 28 U.S.C. § 1332(a). Regardless of whether a plaintiff is asserting his claims in district court in the first instance or in state court and then removed to federal court, for the district court to have jurisdiction, there must be complete diversity between the parties and the matter in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

When a defendant removes a case to federal court, however, he bears the burden of establishing jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). The burden differs depending on whether removal is challenged. Specifically, the "notice of removal . . . need only *allege* federal jurisdiction with a short plain statement." *Id.* at 297. If removal is challenged, however, "the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Id.*

In assessing whether removal is proper, this court must "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Thus, "[i]f federal jurisdiction is doubtful, remand is necessary." *Mulcahey.* 29 F.3d at 151.

## DISCUSSION

The parties seem to agree that Plaintiff's claims involve solely the value of the property, which, again, at least for the purposes of the present motion, they agree is $60,500. Thus, the sole issue before this court is whether the amount at issue in a defendant's counterclaims may be aggregated with the amount at issue in a plaintiff's affirmative claims to satisfy the $75,000 amount-in-

3

controversy requirement for diversity jurisdiction. It is a question one would think has been answered definitively. Interestingly, however, it has not—at least by the Fourth Circuit or United States Supreme Court.[2]

Additionally, case law on this issue is scarce in this District. Based on the court's independent research,[3] at least two courts have taken seemingly contradictory positions in answering the question. *Compare, e.g., Congaree Broadcasters, Inc. v. T.M. Programming, Inc.*, 436 F. Supp. 258 (D.S.C. 1977) ("This court holds as a matter of law, irregardless[sic] of which party presents the claim of over $10,000.00[4] to the court, with diversity of citizenship established, and good faith as a salient factor, the authority of this court applies."),[5] *with JH Global Serv., Inc. v. Hicks*, No. 6:08-cv-351, 2008 WL 11349776 (D.S.C. Apr. 29, 2008) (distinguishing *Congaree Broadcasters*; holding that the removal statutes, "when strictly construed, do not allow the jurisdictional minimum for removal based on a federal court's diversity jurisdiction to be satisfied in any part by the amount of the defendant's counterclaims"). Without binding precedent on this issue, the court turns to the plain language of the removal statutes, 28 U.S.C. §§ 1441, 1446, and analogous

---

[2] The United States Supreme Court has addressed whether a counterclaim raising a federal question can serve as a basis for removal pursuant to 28 U.S.C. § 1331. It held that "a counterclaim—which appears as part of the defendant's answer, not part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (emphasis added). Moreover, in a 2019 case, the Court held that a third-party counterclaim defendant cannot remove the counterclaim filed against it. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019). This latter case includes language that is instructive to this court in its analysis of the issue presently before it.

[3] Neither side cites to any cases on point from the District of South Carolina or the Fourth Circuit Court of Appeals.

[4] At the time *Congaree Broadcasters* was decided, the amount in controversy was $10,000.

[5] This court is of the opinion that the *Congaree Broadcasters* case does not stand for the proposition that counterclaims can be aggregated with a plaintiff's claims to satisfy the amount-in-controversy requirement. Rather, it suggests that if the counterclaim further expands on the "object sought to be accomplished by the controversy," and that "object" satisfies the requirement, jurisdiction attaches. 436 F. Supp. at 262 (noting either the complaint or counterclaim may "reveal[]" the value of the controversy).

4

reasoning by the United States Supreme Court in its ruling on a similar issue in a slightly different context.

Starting with the plain language of the removal statutes, 28 U.S.C. § 1441 provides that "any *civil action* brought in State court" may be removed to the district courts if the district courts would have original jurisdiction. 28 U.S.C. § 1441(a) (emphasis added). As to removal based on diversity of citizenship, it provides certain parameters "[i]n determining whether a *civil action* is removable[.]" *Id.* at (b) (emphasis added). This "civil action" language is mirrored in 28 U.S.C. § 1446. It provides that a "defendant . . . desiring to remove any *civil action* from a State court shall file in the district court . . . a notice of removal[.]" 28 U.S.C. § 1446(a) (emphasis added). The notice of removal must include "a copy of the initial pleading[.]" *Id.* at (b)(1). Section 1446 also has a diversity jurisdiction-specific subsection. *See id.* at (c). It discusses the "amount in controversy" in relation to the "initial pleading." *Id.* The repeated references to "civil action" and "initial pleading" suggest that removal is proper only where the "initial pleading" in the "civil action" sets forth an amount in controversy in excess of $75,000. This conclusion is in keeping with the Supreme Court's long-held position that "when determining whether it has original jurisdiction over a civil action, [the district court] should evaluate whether the action could have been brought originally in federal court." *Home Depot*, 139 S. Ct. at 1748; *see also Raplee v. United States*, 842 F.3d 328, 332 (4th Cir. 2016) (noting the word "action" "has a settled technical meaning in the law: 'action' means a lawsuit"). In sum, whether "the action could have been brought originally in federal court," requires a review of the plaintiff's "initial pleading" to determine whether he could have filed it in federal court in the first instance. As such, any counterclaims subsequently filed would be irrelevant.

The Supreme Court's analysis in the 2019 case, *Home Depot U.S.A., Inc. v. Jackson*, supports this reasoning. There, the plaintiff filed a debt-collection action against the defendant in state court. In response, the defendant asserted a counterclaim against plaintiff, as well as a counterclaim against plaintiff and two previously non-parties to the lawsuit. The Court referred to those new parties as third-party counterclaim defendants. The plaintiff subsequently dismissed its claims against the defendant, and the third-party counterclaim defendants filed a notice of removal. The two issues before the Supreme Court were: (1) "whether a third-party named in a class-action counterclaim brought by the original defendant can remove if the claim otherwise satisfies the jurisdictional requirements of CAFA" and (2) whether a prior 1941 holding that "an original plaintiff may not remove a counterclaim against it[,] should extend to third-party counterclaim defendants." 139 S. Ct. at 1747. Thus, the facts differed from those currently before this court, but the analysis of the applicable statutes and corresponding law is instructive.

In discussing the 1941 case, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), the Supreme Court stated that it "did not review the counterclaim as a separate action with a new plaintiff and a new defendant," *i.e.*, the filing of a counterclaim does not alone constitute a "civil action" subject to removal. *Id.* at 1749. Moreover, the Court stated that "[s]ection 1441(a) [] does not permit removal based on counterclaims at all, as *a counterclaim is irrelevant* to whether the district court ha[s] 'original jurisdiction' over the civil action." *Id.* at 1748 (emphasis added). Under the statute, "the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint[.]" *Id.* This reasoning can be applied with equal force to the scenario currently before this court. *See, e.g., Cheifec v. Citibank, N.A.*, No. 18-cv-7601, 2019 WL 5586641, at *3 (N.D. Ill. July 2, 2019), *report and*

6

*recommendation adopted*, 2019 WL 5588903 (N.D. Ill. July 29, 2019) (applying Home Depot's analysis and "declin[ing] to measure the amount in controversy by Citibank's counterclaim").

In sum, in determining whether the present action is one over which this court has original jurisdiction, this court will focus on Plaintiff's Complaint. As noted above, there is no dispute between the parties that Plaintiff's Complaint sets forth claims that can be valued in accordance with the value of the real property—$60,500. Defendant Baghdady concedes that he needs the value of gross rents and profits, which are the subject of his counterclaims, to push the controversy over the $75,000 threshold. Applying the plain language of the removal statutes and the reasoning in *Home Depot*, this court cannot look to those counterclaims to satisfy the amount-in-controversy requirement. This court is without jurisdiction to hear this case, and Plaintiff's Motion to Remand must be granted.

## CONCLUSION

In accordance with the foregoing, Plaintiff Jeffrey Lott a/k/a Jeffry A. Lott's Motion to Remand, ECF No. 5, is **GRANTED**.[6] The above-captioned matter is **REMANDED** to the Court of Common Pleas for York County, South Carolina.

---

[6] The last line of Plaintiff's Memorandum in Support of Motion to Remand includes a blanket request for "costs and actual attorney's fees . . . expended in the pursuit of remand[.]" [ECF No. 5-1 at p.4.] 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "an award of fees under § 1447(c) is left to the district court's discretion," but the "standard . . . should turn on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 140, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Because the case law is still evolving on the question at issue here, this court declines to award costs and fees in this case.

7

As a result, the undersigned is without jurisdiction to hear and decide Plaintiff's Motion to Dismiss Counterclaims, ECF No. 12, and it will be left to the state court for resolution.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

February 10, 2021
Florence, South Carolina